PULLMAN PALACE CAR CO. *v.* CENTRAL TRANSP. CO.[1]

(*Circuit Court, E. D. Pennsylvania.* March 2, 1888.)

1. INJUNCTION—AGAINST PROCEEDINGS AT LAW.
     Equity will not interfere by injunction to restrain proceedings at law when all the matters of defense are as available at law as in equity, although complicated and more difficult of presentation.
2. ACCOUNTING—BETWEEN PARTIES NOT HOLDING FIDUCIARY RELATIONS TO EACH OTHER—EVIDENCE.
     In an action between parties not holding a fiduciary relation towards each other, based upon a right to an account of receipts and expenditures, the defendant cannot be called upon to produce vouchers or furnish a detailed statement.

In Equity.

The complainant's bill was for an injunction to restrain the defendant from prosecuting at law a suit began by it against the complainant to recover rent reserved in a lease executed by them in 1870. Upon a motion for an injunction the court dismissed the bill.

*Edward S. Isham, George F. Edmunds, Samuel Dickson,* and *Richard C. Dale,* for complainants.

*John G. Johnson,* for defendant.

BRADLEY, Justice. Upon the renewed application for an injunction in this case we do not think that any new facts are presented which should induce us to change the conclusion formerly reached, to-wit, that the injunction should be denied as regards the action brought for rent accruing prior to the 1st day of July, 1886, when the complainants gave notice of their election to determine the lease and contract of 1870. The ground of relief set up in the bill is that when, at the expiration of the contract with the Pennsylvania Railroad Company, in January, 1885, the complainants contemplated giving notice of their election to terminate the lease, in view of the reduction of net revenues below the amount of the rent reserved, the defendants, through their agents, induced and persuaded the complainants to adopt the other alternative of paying them an equitable sum or share of the net revenues that might be realized, and as should be agreed upon; and that the complainants consented to this, and acted upon that understanding in concluding a new contract with the Pennsylvania Railroad Company. The complainants contend that, after this arrangement had been gone into, it was inequitable and unjust for the defendants to claim and sue for the original rent. This ground was insisted upon on the former motion, but it is contended that since then the facts have been more fully elicited by the proofs, and that it has been shown that the complainants actually gave notice to terminate the lease, but were induced to withdraw it, and to proceed upon the other alternative. Though this is not the way in which the case is presented in the bill, we do not see that it makes any

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

material difference in the case as far as the application for an injunction is concerned. If the facts contended for are a good ground for relief at all, they are as available as a defense at law as in equity. They are set up for the purpose of showing that the condition subsequent created by the eighth article of the lease, the purpose of which was to cause the covenant to pay $264,000 per annum to cease, has been accomplished. Proof that that condition has been accomplished would be a legal defense to the action. Whether the pleadings in the action are adapted to the introduction of this kind of proof, we do not know. That makes no difference in reference to this application. If the pleadings are defective, and the time for amendment has not expired, the proper amendments can be supplied. The difficulty of proving the fact that the net revenues are less than $264,000 a year on account of the complication of the matters involved, we do not regard as, by any means, such as to draw the case into equity. It is not a question of account arising upon a fiduciary relation, and does not involve the principles of such an account. It is necessary, it is true, for the complainants to show by their receipts and expenses that their net revenues are less than $264,000, but that may be done by a mode of proof very far short of that required from a trustee or agent in rendering an account to his beneficiary or principal. We do not suppose that the defendants would be entitled to call for vouchers, or to be furnished with a detailed statement.

The motion must be denied.